NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2022*
Decided September 7, 2022

**Before**

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-3413

| | |
|---|---|
| BOBBY LEE DICKERSON, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 3:21-cv-03103-SLD-TSH |
| | |
| GOOGLE, INC., et al., | Sara Darrow, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

Bobby Lee Dickerson appeals the dismissal of his lawsuit, in which he alleged a far-reaching plot to deprive him of the use of an account and email address with Google.com. Because Dickerson fails to develop any argument that the decision was flawed, we dismiss the appeal.

---

* The appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appeal is frivolous. FED. R. APP. P. 34(a)(2)(A).

After losing access to his Gmail account by unexplained means, Dickerson sued Google, Facebook, Android, YouTube, the Federal Communications Commission, all state and federal judges, and numerous other parties for violating his constitutional rights "by not trying to give [him his] old account back." He believes that the account was taken from him and not returned because he is a Black man. Dickerson further alleged that the defendants used illegal wiretaps and caused his networks to crash. He referred to other misdeeds, including prosecutorial and judicial misconduct and violations of the Second and Fourth Amendments, state disability laws, and the Hobbs Act, but he did not expand his factual allegations.

When Dickerson moved to proceed in forma pauperis, the district court granted that motion and dismissed the complaint upon screening. See 28 U.S.C. § 1915(e)(2). First, the court reasoned that Dickerson failed to state a claim because the allegations were conclusory and lacked factual support. The court further explained that amending the complaint would be futile because Dickerson's "irrational, incredible allegations" were frivolous.

After Dickerson appealed, this court requested jurisdictional briefing because the notice of appeal appeared to be late. The district court then realized that the judgment order did not accurately reflect the parties because it omitted certain defendants from the caption. (And here, the defendants' identities triggered different deadlines for a notice of appeal. See FED. R. APP. P. 4(a)(1)(A)–(B).) The district court thus entered an "amended" judgment solely to include all defendants. Although a notice of appeal typically strips a district court of jurisdiction, we understand the court to have simply corrected the miscaptioned judgment order *nunc pro tunc*, which is permitted with leave of this court while an appeal is pending. See FED. R. CIV. P. 60(a); *Local 1545, United Mine Workers v. Inland Steel Coal Co.*, 876 F.2d 1288, 1291 n.4 (7th Cir. 1989) (construing a request for jurisdictional briefing as leave to correct a judgment).

Though we have jurisdiction, we dismiss the appeal because Dickerson fails to provide any basis for finding error in the district court's decision, as required by Rule 28(a)(8) of the Federal Rules of Appellate Procedure. See *Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). We construe pro se arguments liberally but cannot glean any ground for reversal from Dickerson's two sentences generally asserting that his rights are being "shre[]dded." Failing to develop any argument is a waiver. *Shipley v. Chi. Bd. of Election Comm'rs*, 947 F.3d 1056, 1062–63 (7th Cir. 2020).

DISMISSED